# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br>1629 K Street, NW, Suite 600,<br>Washington, DC 20006,<br><br>            Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th Street, SW,<br>Washington, DC 20536<br><br>            Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Center for Immigration Studies ("CIS" or "Center") brings this action against U.S. Immigration and Customs Enforcement ("ICE") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff CIS ("Plaintiff") is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at

1629 K Street, NW, Suite 600, Washington, D.C.  Plaintiff seeks to educate immigration policymakers, the academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4.  Defendant ICE is an agency of the U.S. Government and is headquartered at 500 12th Street, SW, Washington, DC. ICE is a component of the U.S. Department of Homeland Security ("DHS"). ICE has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On May 3, 2020, Plaintiff submitted a FOIA request to ICE by email seeking the following records:

All records sent or received by any of the following people: Rachael Canty, Rebecca Elwing, Kate Kennedy, Chris Maiwurm, Char Mattson, Dave Waisanen, Maria Vega, James Hicks, Katie Westerlund, Steve Acton, Sharon Snyder, Andrea Haynes, Sidney Wynn, Zobaida Karim, Penny Sgardelis, Lis Catterton, Josh Schrier, Erin Henderson, or Cynthia Smith, concerning or related to any of the following matters:

- o   The OPT Employment Compliance Unit;
- o   Broadcast Message 2101-02 titled, "New SEVP Unit to Oversee Employment Compliance in the OPT Programs and Report on Impact on U.S. Workers";
- o   Broadcast Message 2101-03 titled, "Rescinding Broadcast Message 2101-02: New SEVP Unit to Oversee Employment Compliance in the OPT Programs and Report on Impact on U.S. Workers"; and
- o   Wage, hour, or compensation-related issues within the OPT, STEM OPT, or CPT programs.

Additionally and separately, for the same individuals listed above, all communications and records sent or received that include any of the following terms:

- o   Trump Administration
- o   Trump

- o    Biden Administration
- o    Biden
- o    Administration
- o    Admin
- o    White House
- o    Jan. 20
- o    January 20
- o    Inauguration
- o    Brian Kennedy
- o    Brian
- o    Kennedy
- o    Jon Feere
- o    Jon
- o    Feere
- o    Kathy
- o    Kovarik
- o    Kathy Kovarik
- o    senior advisor
- o    chief of staff
- o    political
- o    appointees
- o    appointee
- o    leadership

For all items in this request, please provide all responsive records from February 1, 2020 to the date the request is received by your office.

6.      Plaintiff received an acknowledgment email from Defendant on May 26, 2021 confirming receipt of Plaintiff's FOIA request and assigning the request the reference number 2021 ICFO-35525. Defendant also invoked a 10-day extension to fulfill Plaintiff's request.

7.      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of that request and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination. Accordingly, Defendant's determination of Plaintiff's FOIA request was due by June 1, 2021 at the latest. With the ten-day extension, Defendant's determination of Plaintiff's FOIA request was due by June 15, 2021 at the latest.

8. As of the date of this Complaint, ICE has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination for the FOIA request; (iii) advise Plaintiff of the right to appeal any adverse determination of the FOIA request; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to that request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff re-alleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 30, 2021                          Respectfully submitted,

                                                     /s/ Julie B. Axelrod
                                                     D.C. Bar No. 1001557
                                                     Center for Immigration Studies
                                                     1629 K Street, NW, Suite 600
                                                     Washington DC, 20006
                                                     Telephone: 202-466-8185
                                                     FAX (202) 466-8076
                                                     Email: jba@cis.org